# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| GOLDA D. HARRIS, | : |
| Plaintiff, | : Civ. No. 18-11139 (FLW) (LHG) |
| v. | : |
| MERCER COUNTY COMMUNITY COLLEGE et al., | : **MEMORANDUM OPINION** |
| Defendants. | : |

**FREDA L. WOLFSON, U.S.D.J.**

## I. INTRODUCTION

Plaintiff, Golda D. Harris ("Harris" or "Plaintiff"), is a state prisoner presently incarcerated at the Edna Mahan Correctional Facility, in Clinton, New Jersey ("Edna Mahan"). She seeks to proceed *pro se* with a Complaint asserting violations of her civil rights and various claims under state law. (*See* Compl., ECF No. 1-2.) The Court now screens the Complaint under 28 U.S.C. § 1915A. For the reasons stated herein, the Complaint is dismissed without prejudice.

## II. BACKGROUND

Harris, acting *pro se*, filed a Complaint in the Superior Court of New Jersey, Mercer Vicinage, Civil Division, on April 6, 2018. (*See* ECF No. 1-2.) Her complaint listed as defendants Mercer County Community College and its registrar, Shannon Krause, (collectively, "the MCCC Defendants"), as well as various officials of Edna Mahan—Sarah Davis, Amillia Renshaw, Celeste Thatcher, and John Doe defendants—(collectively, "the EMCF Defendants"). The factual allegations of the Complaint, claim, in their entirety, that defendants "sent me incomplete college transcript. This continued denial and the denial of assistance by prison

officials Sarah Davis, Amillia Renshaw, and Celeste Thatcher of EMCF cause or attributed [sic] to plaintiff not meeting the rehabilitation while incarcerated not to be made part of the record and parole denial." (ECF No. 1-2 at 1.) In answers to uniform interrogatories, which Harris apparently served on the Defendants with the Complaint, she alleges that "defendants erased the grades/records to deny me credits," and that Defendants "were responsible for reporting, maintaining the records and/or transcripts." (ECF No. 1-3, at ECF pp. 13–14.) It seems Harris may wish to assert claims for false imprisonment, negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, and denial of access to public records. (*See* ECF No. 1-2 at 2.) She seeks compensatory damages of $50,000 from each defendant. (*Id.*)

### III. LEGAL STANDARDS

Under the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801–810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts may review prisoner complaints when the prisoner seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915A. The PLRA permits district courts to *sua sponte* dismiss claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b).

The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008). Under Federal Rule of Civil Procedure 8, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has explained that, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

2

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972); *Glunk v. Noone*, 689 F. App'x 137, 139 (3d Cir. 2017). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### IV.     DISCUSSION

The conclusory allegations of Harris's Complaint are insufficient to state any claim under the pleading standard created by *Iqbal* and *Twombly*. Harris's allegations consist entirely of labels and conclusions, and they are devoid of any of the factual specifics that might render such a claim plausible. She has pleaded no specific involvement by any given defendant, instead broadly asserting, in a separate document accompanying the Complaint, that Defendants "were responsible for reporting [and] maintaining records" and that Defendants "erased the grades/records to deny me credits." (*See* ECF No. 1-3 at ECF pp. 13–14.) Harris's pleading does not, for instance, identify what grades or records she alleges are missing, what classes she allegedly took, or when she took them. Neither does Harris explain what alleged duties to her any defendant breached, or how an act by any defendant caused her harm. (*See* ECF Nos. 1-2 & 1-3.)

3

The Court is "not compelled to accept 'unsupported conclusions and unwarranted inferences'" such as these. *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (quoting *Schuykill Energy Res. Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997)). While factual allegations need not be detailed, a claim must be "more than an unadorned, the defendant-harmed-me accusation," including "factual enhancements," rather than mere conclusory statements or a recitation of the elements of a claim. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

In this case, the Complaint is too devoid of factual allegations to survive screening. It does not plead a plausible claim against any defendant, and will be dismissed upon screening. I additionally note that, to the extent that Harris may seek an order directing earlier release from her incarceration or a grant of parole, such relief must be sought by way of a properly filed petition for writ of habeas corpus—not by a civil action. *See Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005).

## V. CONCLUSION

For the foregoing reasons, the Complaint in this matter is dismissed without prejudice upon screening under 28 U.S.C. § 1915A. Harris may file an amended complaint including factual allegations that cure the deficiencies identified herein within 30 days. An appropriate order follows.

DATED: April 5, 2019

/s/ Freda L. Wolfson
FREDA L. WOLFSON
United States District Judge